# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID A. STOKES, #13511 | * | |
| Petitioner | * | |
| v. | * | Civil Action No. L-11-2079 |
| STATE OF MARYLAND and HOMER BUTLER | * | |
| Respondents | * | |

***

## MEMORANDUM

The above-captioned Petition for Writ of Habeas Corpus was filed on July 28, 2011, together with a Motion for Leave to Proceed in Forma Pauperis. Because he appears to be indigent, Petitioner's motion shall be granted.

Petitioner seeks to challenge the validity of attempted murder charges pending in state district court. ECF No. 1. Currently Petitioner is confined to Clifton T. Perkins Hospital and has not yet stood trial. His claim for relief is that he is the actual victim and acted in self-defense.

Pretrial federal habeas relief is available if a petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. See Dickerson v. Louisiana, 816 F.2d 220, 224–26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. See Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial on the merits or by other state procedures available for review of the claim. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489-90 (1973).

As a person committed to a mental health facility, Petitioner has a right under Maryland law to file a petition for release in state circuit court located in the county where he resides, where he resided before admission to the facility, or where the facility is located. See Md. Health Gen. Code Ann., § 10-805(a) and (b). Denial of an application for release may be appealed. See id., §10-805(h). Petitioner has not challenged his commitment order in state court. Special circumstances justifying this Court's intervention do not exist where there are procedures in place to protect Petitioner's constitutional rights. See Moore v. DeYoung, 515 F.2d 437, 449 (3rd Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); Drayton v. Hayes, 589 F.2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); see also Younger v. Harris, 401 U.S. 37 (1971).

To the extent Petitioner claims he is illegally confined, that claim may be litigated in a state forum without harm to his constitutional rights. His claims regarding his innocence in the criminal case must be litigated in the context of the criminal case. A Certificate of Appealability shall not issue. Accordingly, his habeas petition shall be dismissed without prejudice.

August 5, 2011                                   /s/
                                                 _____
                                                 Benson Everett Legg
                                                 United States District Judge